HOSPICE & PALLIATIVE CARE CHARLOTTE REGION, Petitioner v. N.C. DEPART-
MENT OF HEALTH AND HUMAN SERVICES, DIVISION OF FACILITY SERVICES,
CERTIFICATE OF NEED SECTION and N.C. DEPARTMENT OF HEALTH AND
HUMAN SERVICES, DIVISION OF FACILITY SERVICES, LICENSURE AND CER-
TIFICATION SECTION, Respondents, and LIBERTY HOME CARE II, LLC,
Respondent-Intervenor

No. COA07-302

(Filed 6 November 2007)

### 1. Hospitals and Other Medical Facilities— hospice—certificate of need—"No Review" letter an issuance of an exemption

Respondent DHHS did not err in a case regarding a request to
open a hospice branch office in Mecklenburg County by conclud-
ing this case was governed by N.C.G.S. § 131E-188 based on the
fact that the Certificate of Need (CON) Section's December 6,
2005 "No Review" determination was an exemption, because: (1)
the Court of Appeals has recently held that the CON Section's
issuance of a "No Review" letter was the issuance of an exemp-
tion for purposes of N.C.G.S. § 131E-188; and (2) a subsequent
panel of the same court is bound by that precedent unless it has
been overturned by a higher court.

### 2. Collateral Estoppel and Res Judicata— motion to dismiss—motion for judgment on pleadings

Respondent DHHS did not err by denying intervenor Liberty's
motions to dismiss and for judgment on the pleadings based on
collateral estoppel in a case requesting the opening of a hospice
branch office in Mecklenburg County, because: (1) although
intervenor asserts petitioner's failure to appeal the ALJ's dis-
missal estops it from relitigating the issues before the Court of
Appeals, the statement relied upon by intervenor in the 14
December 2005 final decision is not a decision regarding the ulti-
mate legal validity of the CON Section's 6 December 2005 "No
Review" letter or the Licensure Section's 7 December 2005
license issuance; and (2) the issues of the validity of the 26 May
2005 "No Review" letter and the 6 June 2005 issuance of the
license were not actually litigated and were rendered moot by the
December 2005 "No Review" letter and license under review in
the instant case.

HOSPICE & PALLIATIVE CARE v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[187 N.C. App. 148 (2007)]

**3. Hospitals and Other Medical Facilities— hospice—certificate of need required**

Respondent DHHS did not err by denying intervenor Liberty's motion for summary judgment even though intervenor contends the Certificate of Need (CON) law in effect at the relevant time did not require intervenor to obtain a CON for its hospice branch office in Mecklenburg County and that petitioner failed to allege, establish, or forecast any evidence that agency action substantially prejudiced petitioner's rights, because: (1) any person seeking to construct, develop, or otherwise establish a hospice must first obtain a CON from DHHS; (2) although intervenor holds a CON for its hospice located in Hoke County, its proposed hospice branch office was not located within its current service area and was a new institutional health service for which a CON is required; and (3) the issuance of a "No Review" letter, which results in the establishment of a new institutional health service without a prior determination of need, substantially prejudices a licensed preexisting competing health service provider as a matter of law.

Appeal by respondent-intervenor from final agency decision entered 8 December 2006 by Director Robert J. Fitzgerald for the North Carolina Department of Health and Human Services, Division of Facility Services. Heard in the Court of Appeals 18 October 2007.

*Nelson Mullins Riley & Scarborough LLP, by Wallace C. Hollowell, III, and Noah H. Huffstetler, III, for petitioner-appellee.*

*Attorney General Roy Cooper, by Assistant Attorney General June S. Ferrell, for respondents-appellees.*

*Wyrick Robbins Yates & Ponton, LLP, by K. Edward Greene, Lee M. Whitman, and Sarah M. Johnson, for respondent-intervenor-appellant.*

*Bode, Call & Stroupe, L.L.P., by S. Todd Hemphill, Diana Evans Ricketts, and Matthew A. Fisher, for amicus curiae Community CarePartners, Inc.*

*Johnston, Allison & Hord, P.A., by Patrick E. Kelly and Jennifer McKay Patterson, for amicus curiae The Carolinas Center for Hospice and End of Life Care.*

HOSPICE & PALLIATIVE CARE v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[187 N.C. App. 148 (2007)]

TYSON, Judge.

Liberty Home Care II, LLC ("Liberty") appeals from the final agency decision entered granting summary judgment in favor of Hospice & Palliative Care Charlotte Region ("Charlotte Hospice"). We affirm.

## I. Background

Liberty is a hospice agency with its principal office located in Hoke County, North Carolina. Liberty was issued a Certificate of Need ("CON") in 2002 to develop its Hoke County Hospice Program. On 20 May 2005, Liberty requested a "No Review" determination from the North Carolina Department of Health and Human Services ("DHHS"), Certificate of Need Section ("CON Section") for a proposed hospice branch office in Mecklenburg County. Liberty stated that a Mecklenburg County resident was being served by its Hoke County Hospice and it desired to open a hospice branch office in Mecklenburg County.

On 26 May 2005, the CON Section issued a "No Review" determination, stating no CON approval was required for Liberty's proposal. On or about 2 June 2005, Liberty applied for a license for the Mecklenburg Hospice Branch Office. The DHHS Acute and Home Care Licensure and Certification Section ("Licensure Section") issued a license to Liberty to open the Mecklenburg County branch office effective 6 June 2005.

On 19 July 2005, Charlotte Hospice filed a petition for a contested case hearing. Liberty was permitted to intervene. Liberty continued to develop its Mecklenburg County hospice by recruiting and hiring new staff while Charlotte Hospice's petition for hearing was pending. On 2 December 2005, Liberty requested another "No Review" determination for a hospice branch office to be located in Mecklenburg County, based upon "new facts and a new admission of a hospice patient."

On 6 December 2005, the CON Section issued a "No Review" letter, stating that Liberty's proposal did not require a CON based upon current law. Liberty applied for a license for the Mecklenburg hospice branch office, requesting that upon issuance of the license, the Licensure Section cancel its 6 June 2005 license. The Licensure Section issued a license to Liberty, effective 7 December 2005, for the Mecklenburg branch office and terminated the previously issued

HOSPICE & PALLIATIVE CARE v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[187 N.C. App. 148 (2007)]

license. Charlotte Hospice's pending petition for a contested case hearing was dismissed as moot.

On 5 January 2006, Charlotte Hospice filed another petition for a contested case hearing and Liberty was again permitted to intervene. On 28 September 2006, an Administrative Law Judge ("ALJ") granted Charlotte Hospice's summary judgment motion, and denied Liberty's cross-motion for summary judgment, motion to dismiss, and motion for judgment on pleadings.

On 8 December 2006, a Final Agency Decision was issued which: (1) upheld summary judgment in favor of Charlotte Hospice; (2) denied Liberty's cross-motion for summary judgment; (3) denied Liberty's motion to dismiss and motion for judgment on pleadings; (4) directed Liberty to apply for and obtain a CON before developing or opening a hospice office in Mecklenburg County; (5) directed that after Liberty obtains any CON, Liberty must submit a complete licensure application to the Licensure Section before it may operate a hospice in Mecklenburg County; (6) directed the CON Section to withdraw the 6 December 2005, "No Review" determination; (7) directed the Licensure Section to declare the 7 December 2005 license issued to Liberty invalid; and (8) directed the CON Section to inform Liberty to cease and desist from operating a hospice in Mecklenburg County until it obtains a CON and License. Liberty appeals.

## II. Issues

Liberty argues DHHS erred by: (1) finding that N.C. Gen. Stat. § 131E-188 governs this case; (2) denying its motion to dismiss and for judgment on the pleadings; and (3) denying its motion for summary judgment.

Charlotte Hospice cross-assigns error to DHHS's failure to adopt the ALJ's definition of "service area," as a single county pursuant to the 2005 State Medical Facilities Plan.

## III. Standard of Review

The appropriate standard of review in this case depends upon the issue being reviewed. This Court has stated:

The proper standard of review by the trial court depends upon the particular issues presented by the appeal. If appellant argues the agency's decision was based on an error of law, then *de novo* review is required. If appellant questions whether the agency's

HOSPICE & PALLIATIVE CARE v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[187 N.C. App. 148 (2007)]

decision was supported by the evidence or whether it was arbitrary or capricious, then the reviewing court must apply the whole record test.

The reviewing court must determine whether the evidence is substantial to justify the agency's decision. A reviewing court may not substitute its judgment for the agency's, even if a different conclusion may result under a whole record review.

As to appellate review of a superior court order regarding an agency decision, the appellate court examines the trial court's order for error of law. The process has been described as a twofold task: (1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly. As distinguished from the any competent evidence test and a *de novo* review, the whole record test gives a reviewing court the capability to determine whether an administrative decision has a rational basis in the evidence.

*Carillon Assisted Living, LLC v. N.C. Dep't of Health & Human Servs.*, 175 N.C. App. 265, 269-70, 623 S.E.2d 629, 633 (2006) (internal citations and quotations omitted).

## IV. N.C. Gen. Stat. § 131E-188

[1] Liberty argues DHHS erred when it concluded this case is "governed by N.C. Gen. Stat. § 131E-188 because the C[ON] Section's December 6, 2005 ['N]o [R]eview['] determination is an 'exemption' as that term is used in the C[ON] Law." We disagree.

This Court has recently held that "the CON [S]ection's issuance of a 'No Review' letter is the issuance of an 'exemption' for purposes of section 131E-188(a)." *Hospice at Greensboro, Inc. v. N.C. Dep't of Health & Human Servs.*, 185 N.C. App. 1, 7, 647 S.E.2d 651, 655 (2007). "Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989).

N.C. Gen. Stat. § 131E-188(b) confers jurisdiction on this Court to hear Liberty's appeal pursuant to this Court's prior holding in *Hospice at Greensboro, Inc.* 185 N.C. App. at 7, 647 S.E.2d at 655-56. This assignment of error is overruled.

HOSPICE & PALLIATIVE CARE v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[187 N.C. App. 148 (2007)]

## V. Motion to Dismiss and for Judgment on the Pleadings

**[2]** Liberty argues that: (1) "[t]he issues in this case were previously decided in the first contested case and are therefore barred by the doctrine of collateral estoppel;" and (2) "[DHHS] erred by not granting [its] Motion to Dismiss pursuant to Rule 12(b)(6) and for Judgment on the Pleadings under Rule 12(c)." We disagree.

"Under collateral estoppel as traditionally applied, a final judgment on the merits prevents relitigation of issues actually litigated and necessary to the outcome of the prior action in a later suit involving a different cause of action between the parties or their privies." *Thomas M. McInnis & Associates, Inc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 556 (1986).

In a Final Decision Order of Dismissal dated 14 December 2005, the ALJ *dismissed as moot* Charlotte Hospice's petition for a contested case hearing regarding the CON Section's 26 May 2005 "No Review" determination. The ALJ found that "Liberty is no longer relying on the [26 May 2005] ['N]o [R]eview['] letter . . . and the . . . license issued . . . in connection with that ['N]o [R]eview['] letter." The ALJ held that "[a]ny determination made . . . regarding the validity of the [26 May 2005] '[N]o [R]eview' letter at issue in this case is moot . . . ."

The ALJ specifically found "Liberty is permitted to operate a branch office of the Hoke Hospice in Mecklenburg County pursuant to the new ['N]o [R]eview['] letter and new license Liberty received on December 6 and 7, 2005[]" in its order dismissing as moot Charlotte Hospice's original petition for a contested case hearing on the 26 May 2005 "No Review" letter and 6 June 2005 license. Liberty asserts that Charlotte Hospice's failure to appeal the ALJ's dismissal estops it from relitigating the issues before us. We disagree.

The statement relied upon by Liberty in the 14 December 2005 final decision is not a decision regarding the ultimate legal validity of the CON Section's 6 December 2005 "No Review" letter or the Licensure Section's 7 December 2005 license issuance. This statement is merely an acknowledgment of the fact that Liberty received a wholly new hospice license based on a new 6 December 2005 "No Review" determination. The issues of the validity of the 26 May 2005 "No Review" letter and the 6 June 2005 issuance of the license were not "actually litigated" and were rendered moot by the December

154 IN THE COURT OF APPEALS

HOSPICE & PALLIATIVE CARE v. N.C. DEP'T OF HEALTH & HUMAN SERVS.

[187 N.C. App. 148 (2007)]

2005 "No Review" letter and license under review here. *Id.* DHHS did not err by denying Liberty's motion to dismiss and for judgment on the pleadings. This assignment of error is overruled.

## VI. Summary Judgment

**[3]** Liberty argues DHHS erred by "den[ying] [its] motion for Summary Judgment because the CON law [in effect] at the relevant time did not require that Liberty obtain a CON for its hospice branch office in Mecklenburg County" and that "Charlotte Hospice failed to allege, establish or forecast any evidence that agency action substantially prejudiced Charlotte Hospice's rights." We disagree.

"[A]ny person seeking to construct, develop, or otherwise establish a hospice must first obtain a CON from DHHS." *Hospice at Greensboro, Inc.*, 185 N.C. App. at 10, 647 S.E.2d at 657. "[T]he opening of branch offices by an established hospice within its current service area is not the construction, development, or other establishment of a new institutional health service for which a CON is required." *Id.* at 10, 647 S.E.2d at 658. "Service area means the hospice planning area in which the hospice is located." *Id.* at 12-13, 647 S.E.2d at 659 (quotation omitted). Liberty holds a CON for its hospice located in Hoke County. Liberty's planning and service area as defined by the State Medical Facilities Plan is Hoke County.

Liberty's proposed hospice branch office in Mecklenburg County is not located within its current Hoke County service area. Liberty's proposed Mecklenburg County office is a "new institutional health service" for which it is required to obtain a CON.

"[T]he issuance of a '[n]o [r]eview' letter, which results in the establishment of 'a new institutional health service' without a prior determination of need, substantially prejudices a licensed, pre-existing competing health service provider as a matter of law." *Id.* at 16, 647 S.E.2d at 661.

> [T]he CON Section's issuance of a "No Review" letter to Liberty effectively prevented any existing health service provider or other prospective applicant from challenging Liberty's proposal at the agency level, except by filing a petition for a contested case. We hold that the issuance of a "No Review" letter, which resulted in the establishment of a "new institutional health service" in [Charlotte Hospice's] service area without a prior determination of need was prejudicial as a matter of law.

*Id.* at 16-17, 647 S.E.2d at 661-62. We hold DHHS did not err by deny-ing Liberty's motion for summary judgment. This assignment of error is overruled. In light of the above holdings, it is unnecessary for us and we do not reach Charlotte Hospice's cross-assignment of error.

### VII. Conclusion

The CON Section's issuance of a "No Review" letter is the issuance of an "exemption" under N.C. Gen. Stat. § 131E-188(a). This Court has jurisdiction to hear Liberty's appeal pursuant to N.C. Gen. Stat. § 131E-188(b). *Id.* at 7, 647 S.E.2d at 655. DHHS did not err by denying Liberty's motion to dismiss and for judgment on the plead-ings. The issues in Charlotte Hospice's 5 January 2006 petition for contested case hearing were not previously litigated on the merits. *Thomas M. McInnis & Associates*, 318 N.C. at 428, 349 S.E.2d at 556.

Liberty's proposed Mecklenburg County office is not located within its current Hoke County planning and service area. The agency correctly found that Liberty must obtain a CON and license for its Mecklenburg County office. Charlotte Hospice was substantially prej-udiced based on the issuance of a "No Review" letter to Liberty, which resulted in the establishment and licensure of "a new institu-tional health service" without a prior determination of need. *Hospice at Greensboro, Inc.*, 185 N.C. App. at 17-18, 647 S.E.2d at 661. DHHS's final agency decision is affirmed.

Affirmed.

Judges McCULLOUGH and STROUD concur.